UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
(410) 962-2577 FAX
MDD_DLBChambers@mdd.uscourts.gov

March 1, 2021

RE: *United States v. Antonio Johnson*
    RDB-20-223

### **LETTER ORDER**

Dear Counsel:

Pending before the Court is defendant Antonio Johnson's Emergency Motion to Reopen Detention Hearing and Release the Defendant, pursuant to 18 U.S.C. § 3142(f)(2)(B), or, in the alternative, to grant him temporary release pursuant to 18 U.S.C. § 3142(i). ECF 27. The government has filed an opposition. ECF 31. No hearing is necessary. The motion is denied.

### **Procedural Background**

Mr. Johnson has been charged by indictment with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). On November 20, 2020, Mr. Johnson appeared for his initial appearance on the indictment and Magistrate Judge Coulson entered an order of temporary detention. ECF 8.

On November 25, 2020, Mr. Johnson appeared before me for a detention hearing. ECF 19. I found by clear and convincing evidence that there were no condition or combination of conditions that would reasonably assure community safety, and I entered an Order of Detention. ECF 22.

On February 11, 2021, Mr. Johnson filed the pending motion to reopen the detention hearing and in the alternative for temporary release. ECF 27. He argues that the hearing should be reopened because the COVID-19 outbreak at the Chesapeake Detention Center (CDF) was unknown to him at the time of his detention hearing. He claims his cellmate tested positive for COVID-19 on February 1, 2021 and "had been coughing in the cell and showing other signs of an active infection with the virus but was not moved until February 2, 2021." Def.'s Mot. 2. At the time he filed his motion, he had been tested for COVID-19 but had not received the results. Since his filing, I have learned from the CDF physician that Mr. Johnson tested negative for COVID-19 on February 13, 2021. Finally, Mr. Johnson argues that he is not receiving medical attention for an ongoing ear infection and at least four boils. He believes that the COVID-19 outbreak is preventing him from receiving the medical services he needs.

On February 17, 2021, the U.S. Marshals Service produced Mr. Johnson's CDF medical records. ECF 30. After reviewing the records, the government filed an opposition. ECF 31.

### Discussion

Mr. Johnson seeks to reopen the detention hearing because he claims "[t]he health risk to detainees posed by COVID-19 has been held to 'constitute new information' that can justify reopening a detention hearing under 18 U.S.C. [§] 3142(f)(2)(B)." Def.'s Mot. 4. This provision of the Bail Reform Act allows for the reopening of a detention hearing if "information exists that was not known to [him] at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2). Although the health risk that COVID-19 generally poses is not new information since Mr. Johnson's November 2020 detention hearing, the recent COVID-19 outbreak at the facility is certainly "information . . . that was not known to [him] at the time of the hearing." 18 U.S.C. § 3142(f)(2). To justify reopening the hearing, however, this information, combined with Mr. Johnson's medical conditions, must have a material bearing on whether conditions of release could be imposed to reasonably assure the safety of the community. *See* 18 U.S.C. § 3142(f)(2).

In the alternative, Mr. Johnson seeks temporary release for a "compelling reason" under Section 3142(i), which provides:

> The judicial officer may, by subsequent order, permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason.

18 U.S.C. § 3142(i). To determine whether temporary release under § 3142(i) is appropriate due to COVID-19, the Court considers

> the severity of the risk that the COVID-19 virus poses to the defendant, given his existing medical conditions and the current COVID-19 situation at the facility where he is being held, and whether that risk, balanced against the other Bail Reform Act factors, rises to the level of a 'compelling reason' for temporary release under 18 U.S.C. § 3142(i).

*United States v. Creek*, No. 20-4251 (4th Cir. Apr. 15, 2020), ECF No. 402 in *United States v. Creek*, No. CCB-19-36 (D. Md.). "The defendant bears the burden of demonstrating a compelling reason." *United States v. Creek*, No. CCB-19-36, 2020 WL 2097692, at *3 (D. Md. May 1, 2020). Courts that have considered temporary release under § 3142(i) during the pandemic have "recognized that, in deciding whether temporary release is warranted, the court must still consider the danger to the community or risk of flight that would be posed by the defendant's release as analyzed under the factors set forth in 18 U.S.C. § 3142(g)." *Id.*

In determining whether a defendant should be released or detained pending trial, the Bail Reform Act requires that the Court consider the nature and circumstances of the offense charged, the weight of the evidence, the history and characteristics of the person, including criminal history, whether, at the time of the current offense, the person was on probation or parole, and the nature

and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

Mr. Johnson, 31, is a lifelong Maryland resident. He has daily contact with his grandparents and two brothers, all of whom live in Maryland. He does not have a passport and has never traveled outside the country. Mr. Johnson has been diagnosed with bipolar disorder and depression for which he takes medication. Before he was detained, Mr. Johnson used cannabinoids monthly and drank alcohol occasionally.

Mr. Johnson has been incarcerated since May 2020 and has no assets or liabilities. Before his incarceration, he worked occasionally since 2016 for a company that performed hauling, landscaping, and demolition, and he held another part-time job picking orders and processing shipping for half of 2019. Additionally, he delivered pizzas in the year before his incarceration.

Mr. Johnson's criminal history includes convictions for reckless endangerment, first degree assault, use of a firearm in the commission of a crime of violence, and unlawful firearm possession. Mr. Johnson has been charged with attempted first-degree murder on two prior occasions. He previously violated his parole conditions, and he was on probation at the time of this alleged offense for the first-degree assault and firearms convictions.

Mr. Johnson is charged with possession of a firearm and ammunition by a prohibited person in violation of 18 U.S.C. § 922(g)(1). The government has proffered that a loaded firearm was found under the seat of his car when he was pulled over by police. If convicted, Mr. Johnson faces a maximum term of 10 years' incarceration.

The danger to the community posed by Mr. Johnson's release is the possible commission of another violent crime with a firearm. This is a very serious potential danger.

I previously analyzed these Bail Reform Act factors and found that Mr. Johnson should be detained pending trial because there was no combination of conditions that would reasonably assure the safety of the community. I now consider whether the recent COVID-19 outbreak at CDF and the resulting alleged inability of the jail to treat his ear infection and boils are a material change in circumstances such that there are now conditions of release that will reasonably assure the safety of the community.

In early January 2021, an outbreak of COVID-19 began at CDF. As of February 26, 2021, there were 180 COVID-19 positive inmates and 81 COVID-19 positive staff members. *COVID-19 Case Count*, Md. Dept. Pub. Safety & Correctional Servs. (last updated Feb. 26, 2021), *available at* https://news.maryland.gov/dpscs/covid-19/. Mr. Johnson tested negative on February 13, 2021. I understand that, as of last week, CDF is not accepting any additional detainees until two weeks pass without a new positive detainee or staff member.

Mr. Johnson has two current medical conditions that require treatment, an ear infection and boils. Neither has been identified as a condition that may increase his risk of serious illness if he contracts COVID-19. Mr. Johnson argues that his health is at risk because the COVID-19 outbreak leaves the jail without the resources necessary to treat his ear infection and boils. There is no evidence to support this position. According to his CDF medical records, Mr. Johnson has seen a medical professional for an ear infection on five occasions and has been prescribed antibiotics.

*See* Med. Recs. 10–11, 14–15, 27–29, 33 (discussing treatment on Oct. 22, 2020; Dec. 3, 4, and 28, 2020; and Jan. 12, 2021). Additionally, he saw a medical professional for his boils on December 28, 2020 and January 7 and 28, 2021. *Id.* at 4, 10–11, 14–15. After this motion was filed, I asked the U.S. Marshals to ask the CDF physician about Mr. Johnson's claims that he is not receiving treatment for his medical conditions. In the physician's response, which I have provided to counsel, he reported that Mr. Johnson has been seen for medical care on December 28, 2020, January 7, 2021, January 28, 2021, February 9, 2021, and February 12, 2021; that he is receiving treatment for both conditions; and that had no complaints about his ear when he last was seen.

Based on Mr. Johnson's medical records and the CDF physician's report on treatment, I find that the COVID-19 outbreak at CDF and Mr. Johnson's medical conditions are not material changes in circumstances that would shift the analysis to warrant release on conditions. Therefore, this information does not justify reopening the detention hearing under 18 U.S.C. § 3142(f)(2).

Moreover, under these circumstances, Mr. Johnson has not shown a compelling reason for temporary release under 18 U.S.C. § 3142(i). Mr. Johnson does not have any underlying health conditions that make him susceptible to serious illness if he were to contract COVID-19.[1] Further, although I have no evidence before me that the COVID-19 situation at CDF is under control, the facility is attempting to eliminate the current outbreak by not permitting any new detainees until two weeks without a positive test result. Finally, even though the COVID-19 outbreak poses a potential danger to Mr. Johnson, I must also consider the alleged offense—possession of a loaded firearm under his car seat—and his prior convictions for reckless endangerment involving a firearm, first degree assault, unlawful firearm possession, and use of a firearm in commission of a felony. Upon consideration of the *Creek* factors, I find that Mr. Johnson has not established a compelling reason for temporary release.

For the reasons stated in this Letter Order, Antonio Johnson's Emergency Motion to Reopen Detention Hearing and Release the Defendant, pursuant to 18 U.S.C. § 3142(f)(2)(B), or, in the alternative, to grant him temporary release pursuant to 18 U.S.C. § 3142(i), ECF 27, is denied.

Although informal, this is an Order of the Court and shall be docketed as such.

/S/
Deborah L. Boardman
United States Magistrate Judge

---

[1] Mr. Johnson complains that he also suffers from hypertension. Def.'s Mot. 2 n.1. His medical records show a family history of hypertension but do not reflect that Mr. Johnson has been diagnosed with or treated for hypertension. *E.g.*, Med. Recs. 51 (noting family history and denying "any medic[a]l problems" and "any use of medication").